IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02226-CYC

MARTEL SHAROD BROWN,

    Plaintiff,

v.

NEW VISION HOTELS TWO, LLC,

    Defendant.

## ORDER

**Cyrus Y. Chung, United States Magistrate Judge.**

    This Order addresses three motions filed by the plaintiff.

    The first motion is the Motion to Submit Previously Provided Video Evidence, ECF No. 114, which asks the Court to accept the plaintiff's submission of a video. The video was submitted on a USB drive. ECF No. 116. The Court discussed this motion with the parties at the May 7, 2025 Motion Hearing on the Defendant's Motion for Summary Judgment, ECF No. 74, and the defendant did not oppose the relief requested. The defendant agreed with the plaintiff that the video had been produced in discovery. There is no harm in allowing the plaintiff to supplement the Court's record with the video given that it appears he simply inadvertently failed to file it as an exhibit attached to his response to the motion for summary judgment. Accordingly, it is hereby ORDERED that the plaintiff's Motion to Submit Previously Provided Video Evidence, ECF No. 114, is **GRANTED**. However, allowing the plaintiff to supplement his response with this additional exhibit does not mean that it has been authenticated, is admissible, or can be considered by the Court or the jury for any and all purposes.

Second, the Court addresses the plaintiff's Motion to Strike Amended Exhibit B to Motion for Summary Judgment, ECF No. 121, in which the plaintiff asks the Court to strike ECF No. 120-1. The plaintiff states that he "received no prior notice or service of the amended exhibit" and argues that this document was filed "without leave of Court." ECF No. 121 at 1. The plaintiff is mistaken on both accounts. At the May 7, 2025 Motion Hearing, the Court pointed out to the parties that the declaration filed at ECF No. 74-2 was not signed and ordered the defendant to supplement the record with a signed version. ECF No. 117 at 1. The declaration that the plaintiff seeks to strike is the signed declaration that was discussed at the Motion Hearing. Further, it is within the Court's power to allow a party to supplement the record with a signed version of a declaration when the filing party erroneously filed an unsigned version. *See Warner Records Inc. v. Charter Commc'ns, Inc.*, No. 19-cv-00874-RBJ-MEH, 2022 WL 1500780 at *6 (D. Colo. May 12, 2022). For these reasons, it is hereby ORDERED that the plaintiff's Motion to Strike Amended Exhibit B to Motion for Summary Judgment, ECF No. 121, is **DENIED**.[1]

Finally, the plaintiff's Motion to Dismiss or Quash Deposition, ECF No. 119, asks the Court to strike the transcript from his September 18, 2024 deposition, ECF Nos. 74-3 & 107-1. The plaintiff's attacks can be grouped into two main arguments. First, he argues that the deposition was not properly certified by an authorized court reporter. But the transcript itself makes clear that it was taken in front of a certified court reporter. ECF Nos. 74-3 at 1; 107-1 at 1. Second, the plaintiff argues that during his deposition, he was discouraged from exercising his Fifth Amendment rights, resulting in a due process violation and prejudice to the plaintiff. The

---

[1] The Court rules on this motion and ECF No. 119 without awaiting a response from the defendant. *See* D.C.COLO.LCivR 7.1(d)

plaintiff offers no evidence of this and the portions of the transcript that have been provided to the Court do not support this assertion. Given the absence of evidence to support this allegation, it is hereby ORDERED that the plaintiff's Motion to Dismiss or Quash Deposition, ECF No. 119, is **DENIED**.

DATED this 27th day of May, 2025, at Denver, Colorado.

BY THE COURT:

_____
Cyrus Y. Chung
United States Magistrate Judge