IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02226-CYC

MARTEL SHAROD BROWN,

      Plaintiff,

v.

NEW VISION HOTELS TWO, LLC,

      Defendant.

---

## ORDER

---

**Cyrus Y. Chung, United States Magistrate Judge.**

Plaintiff Martel Sharod Brown seeks to undo the Final Judgment entered on May 27, 2025, ECF No. 125, pursuant to Fed. R. Civ. P. 60(b)(1) and (2). ECF No. 137.

"A Rule 60(b) motion for relief from judgment is an extraordinary remedy and may be granted only in exceptional circumstances." *Jackson v. Los Lunas Cmty. Program*, 880 F.3d 1176, 1191–92 (10th Cir. 2018). "Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005). Grounds for granting relief under Rule 60(b) are:

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier

judgment that has been reversed or vacated; or applying it prospectively is no longer

equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Final Judgment was entered after the Court granted Defendant New Vision Hotels Two,

LLC's motion for summary judgment. ECF No. 124. The plaintiff seeks relief from that Final

Judgment under Rule 60(b)(1) and (2) because he received a medical diagnosis on April 29,

2025, which he believes constitutes newly discovered evidence, and because he has "limited

legal knowledge." ECF No. 137 at 1. The plaintiff offers no legal argument or support for the

idea that his April 29, 2025 diagnosis or his "limited legal knowledge" require a grant of relief

under Rule 60(b)(1) or (2) and the Court discerns none. *See Gunter v. Oklahoma*, Nos. 24-6049,

24-6069, 24-6070, 24-6078, 24-6079 & 24-6080, 2025 WL 902493, at *3 (10th Cir. Mar. 25,

2025) (affirming denial of relief under rule 60(b)(2) when pro se plaintiff argued lack of counsel

as basis for relief); *Xiong v. McCormick*, 809 F. App'x 496, 498 (10th Cir. 2020) (teaching that

ignorance of the law and applicable rules is not excusable neglect warranting relief under Rule

60(b)(1)); *Zurich*, 426 F.3d 1281, 1289–90 (explaining requirements to make showing under

Rule 60(b)(2)); *Cashner v. Freedom Stores, Inc*., 36 F. App'x 572, 577 (10th Cir. 1996)

(teaching that a party's litigation mistake is not a basis for relief under Rule 60(b)(1)); *Myles v.

Walmart, Inc*., No. 22-4069-DDC, 2024 WL 1834357, at *2 (D. Kan. Apr. 26, 2024) (denying

Rule 60(b) motion filed after appeal was dismissed as untimely). In addition, "[w]hen a party

asserts an excusable failure to comply with procedural requirements" as a basis for relief under

Rule 60(b)(1), as the plaintiff does here, the Tenth Circuit requires him to make the additional

showing that his "claim is meritorious." *Cashner*, 98 F.3d 578 n.2. The plaintiff makes no such showing. Accordingly, there is no basis to grant relief under Rule 60(b)(1) or (2).

But the plaintiff does not actually ask the Court to reconsider the grounds for granting summary judgment. Instead, he would like the Court to "vacate and re-enter judgment to allow" him to timely file a notice of appeal given that he filed his notice of appeal out of time. ECF No. 137 at 1. The Court construes this as a request for relief under Rule 60(b)(6). However, "[a]bsent extraordinary circumstances . . . [Rule 60] should not be used to extend the time for an appeal." *Servants of the Paraclete v. Doe*, 204 F.3d 1005, 1009 (10th Cir. 2000). Relief under Rule 60(b)(6) is appropriate when circumstances are so "unusual or compelling" that extraordinary relief is warranted or when it "offends justice" to deny such relief. *Cashner*, 98 F.3d at 580.

This case does not present extraordinary circumstances. Even though the plaintiff proceeds in this matter pro se, he is obligated to comply with the same procedural rules that govern other litigants. *E.g., Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). That includes filing deadlines. *Id*. Filing a Rule 60(b) motion within 28 days of entry of judgment can toll the 30-day deadline to appeal a judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi); *Clark v. Time Inc.*, 727 F. App'x 975, 977 (10th Cir. 2018). But the plaintiff filed his Rule 60(b) motion 52 days after entry of judgment. Further, as the Court indicated in its July 30, 2025 Minute Order, ECF No. 138, the Court does not have the "authority to create equitable exceptions to jurisdictional requirements," such as the thirty-day appeal deadline. *Clark*, 727 F. App'x at 978. And that is exactly what the plaintiff is asking the Court to do. His suggested end-run around the jurisdictional rule via Rule 60 does not constitute extraordinary circumstances and it would be "an abuse of discretion to grant relief where no basis for that relief exists." *Cashner*, 98 F.3d at 580.

Accordingly, it is hereby ORDERED that Plaintiff's Motion for Relief From Judgment Pursuant to Rule 60(b) is **DENIED**.

DATED this 22nd day of August, 2025, at Denver, Colorado.

BY THE COURT:

_____

Cyrus Y. Chung
United States Magistrate Judge